```
                                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                                          AT ROANOKE, VA
                                                                              FILED

                                                                          JAN 06 2014
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA            JULIA C. DUDLEY, CLERK
                   ROANOKE DIVISION                      BY: /s/
                                                              DEPUTY CLERK
```

| | | |
|---|---|---|
| **RONALD D. SEVER,** | ) | CASE NO. 7:13CV00481 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **MR. R. W. WHITT, *ET AL*.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Ronald D. Sever, a Virginia inmate proceeding <u>pro se</u>, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants are violating his constitutional rights by housing him in segregation instead of in a designated protective custody unit. Upon review of the record, the court finds that the action must be summarily dismissed.

## Background

In his complaint and a multitude of untitled, subsequent submissions, Sever alleges the following sequence of events on which he bases his claim. Sever is incarcerated at Keen Mountain Correctional Center. On April 20, 2013, after other inmates threatened Sever's life because of his criminal charges, officers moved him from B-pod to A-pod. On July 30, 2013, officers told Sever that they had received additional threats on Sever's life, but he signed a form allowing him to remain in A-1 pod.

On August 21, 2013, Sever's cell mate said he wanted to be cell mates with another inmate and asked Sever to request a single cell in A-1 pod. Instead of coordinating this move, however, officials instructed Sever to move to B Building, which Sever characterizes as '[a] gang unit for Bloods." ECF No. 1, at 4. Sever asked to be placed, instead, in the protective custody unit at Keen Mountain. Officers charged him with a disciplinary infraction for refusing

to move as ordered and placed him in C-1 pod, an administrative segregation unit, "for his own safety." ECF No. 11, at 2.

Sever filed nine enemy forms and wrote letters to investigators, seeking to have certain inmates documented as his enemies. Sever indicates that these enemy inmates are housed in B Building or in C-4 pod. ECF No. 19, at 4. Officials denied Sever's enemy documentation requests in October of 2013, allegedly without discussing the requests with him or conducting any investigation.

Sever states that he has done nothing to warrant his continued assignment to segregated housing. He states that he fears for his life in all Keen Mountain general population housing areas except A-1 pod, because other inmates want to kill him, based on his criminal offense and his having been labeled as a mole. As relief in this action, he seeks to be placed in protective custody or transferred to another prison where he can be safely assigned to the general population until his release in February of 2018. Sever also moves for leave to amend his complaint to add four more defendants, who allegedly knew about Sever's enemy concerns, but failed to get him transferred to protective custody.[1]

## Discussion

The court is required to dismiss a prisoner's civil action against a governmental officer if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the United States Constitution or laws and that this

---

[1] After filing his complaint, Sever submitted numerous "letters" to the court about various issues, including a brief interruption in his religious diet, occasional problems with his mail and his prescription medication, and his inability to obtain a prison job because of his crime. Sever has not sought to amend the complaint to raise specific claims about these issues, however. Therefore, the court construes them as being offered in support of Sever's claim that his current assignment to administrative segregation is unsatisfactory.

deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Inmates have no protected liberty interest in being housed in any particular prison or in a prison or housing unit with less restrictive conditions. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). Only where an inmate demonstrates that his current living conditions constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" does he demonstrate a constitutionally protected interest at stake. Sandin v. Conner, 515 U.S. 472, 484 (1995).

Sever fails to show that he has a protected interest related to his segregated confinement status. He fails to demonstrate that his current living conditions present any unusual difficulty or discomfort when compared to other VDOC confinement categories. Moreover, to the extent that Sever may be alleging that officials have incorrectly applied state classification procedures in his case, such allegations do not present any federal constitutional issue actionable under § 1983. See Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). The court must summarily dismiss Sever's claims that he is improperly assigned to administrative segregation.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). To establish an Eighth Amendment claim in this context, the prisoner must demonstrate that prison officials acted with "deliberate indifference" to a substantial risk that he would suffer serious harm from other inmates. Id. at 834. An official shows deliberate

3

indifference if he is "aware of facts from which [he could infer] that a substantial risk of serious harm exists," draws such an inference that the risk exists, and fails to respond reasonably to the risk. Id. at 837, 844. In short, prison officials who do not know of a risk, who do not know of the seriousness of the risk, or who act reasonably in response to a risk cannot be held liable for any constitutional violation.

Sever's complaint fails to present facts supporting any plausible § 1983 claim that prison officials have acted with deliberate indifference to risks that he will be harmed by other inmates. On the contrary, his allegations indicate that when he notified officials of threats other inmates had made against him, officials acted immediately to alleviate those risks, by moving him to safer housing. He fails to demonstrate any substantial risk that other inmates will harm him while he is assigned to C-1 pod, where he is segregated from contact with others. Moreover, he states that all of his alleged enemies are assigned to other units of the prison. Because Sever's allegations fail to support the elements of the deliberate indifference standard under Farmer, the court must summarily dismiss his § 1983 claims that officials have failed to protect him. Any claim that officials have failed to follow prison procedures—in evaluating his requests for enemy documentation or assignment to protective custody—is not independently actionable under § 1983, Riccio, 907 F.2d at 1469, and the court declines to exercise supplemental jurisdiction over any such claim under state law. See 28 U.S.C. § 1367(c).

## Conclusion

For the reasons stated, the court dismisses Sever's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim, and dismisses his motion to amend as moot. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of January, 2014.

/s/ Glen Conrad
Chief United States District Judge